No. 2594.—SUCCESSION OF ELIZABETH TANNER, Deccased, Wife of R. D. Jordan.

By article 133 of the constitution of 1868, clerks of courts are prohibited from exercising any judicial powers whatever, and the order of a clerk, after the adoption of the constitution, admitting a will to probate, is an absolute nullity.

The parish judge, having admitted a will to probate and ordered its execution, is the only competent authority to appoint a dative testamentary executor.

APPEAL from Parish Court, Parish of Lafourche. *Nicolas*, Parish Judge. *Bush & Goode*, for appellees. *R. D. Jordan*, opponent, in person, appellant.

WYLY, J.  Richard D. Jordan has appealed from a judgment admitting to probate and ordering the registration and execution of

the will of Elizabeth Tanner, his deceased wife, dated eighteenth of July, 1868, and appointing Joseph S. Goode dative executor thereof.

The appellant has not filed an assignment of errors, nor has he furnished the court with either an oral or written argument in support of his appeal.

The record presents a mass of confusion, showing, besides the original pleadings, numerous petitions, amended petitions, motions, exceptions and bills of exceptions, and a large amount of evidence, all filed and admitted after an appeal had been taken and the jurisdiction of the case had vested in this court.

The proceeding, however, supporting the judgment, was simply an application to have the will of Elizabeth Tanner, of date eighteenth of July, 1868, admitted to probate, registered and ordered to be executed, and to have Joseph S. Goode appointed dative executor thereof.

Now, in opposition to the probating of the will of eighteenth of July, 1868, Richard D. Jordan presented a petition alleging that the deceased had left a will, of date twentieth of June, 1868, giving him the usufruct of her property; that he opposes the probate of the will of eighteenth of July, 1868, "for the reason that, on the application of your petitioner, filed August 24, 1868, said pretended will, which figured in the inventory, was submitted, by mutual consent of counsel, to the clerk of the Third District Court for probate, with another pretended will, dated seventeenth of July, 1868, all of which wills, marked 1, 2 and 3, on the twenty-fourth of August, 1868, prior to the passage of the act of the Legislature organizing the parish court, approved fourth of September, 1868; that a *contestatio litis* was made between the parties in interest under the wills, and that the claims of said Lemuel Tanner, through his counsel, Bush & Goode, were pressed forward, and all evidence requisite was adduced by said Tanner in support of the probate of said will, now attempted to be probated by this court, and the probate of said will was rejected, and, in lieu thereof, the will No. 1, dated twentieth of June, A. D. 1868, was admitted to probate, registry and execution; that this is no longer an open question, but *res judicata*. In further opposition he urges that the application of Joseph S. Goode, as dative testamentary executor, comes too late; the application of E. W. Blake has priority, and that he is entitled to the same, both from being first applicant, a creditor, and by request of the *bona fide* legatee. That should this court decide to admit this will to probate, it must take all three together, and bind itself to the simple decision of the clerk of the court upon the evidence offered by all parties interested, which was taken down and filed in the mortuary proceedings, all of which is hereto annexed as reference. For further opposition he urges that this court, under the peculiar circumstances, is without jurisdiction at this time, inasmuch as the provisions of the seventh section of an act relative to the organization

of the parish court, approved fourth of September, A. D. 1868, has not been carried out. For further opposition he urges that the validity of the will in favor of Tanner can not be decided upon under the present pleadings; that the probate of the same is the only issue, and said probate being in favor of the will of the twentieth of June, 1868, and rejecting that of seventeenth and eighteenth of July, 1868, the legatees or persons interested must bring their action of nullity."

After further urging in opposition to the probate of the will of eighteenth of July, 1868, that undue influence was exerted over the testatrix, and that she was not of sound mind, the petition concludes thus: "Reserving all the above points, in case your honor should decide against us, I would then pray for the homologation of the will of twentieth of June, 1868, marked 1, which is hereunto annexed, that the same be probated, registered and ordered to be executed, and that I and Mary C. Jordan be declared the only legatees, and that E. W. Blake be appointed dative testamentary executor, and for all other general relief."

The court a qua decided that the proceedings before the clerk of the Third District Court of the parish of Lafourche, on the twenty-fourth of August, 1868, were null and void, because the constitution of 1868, then in force, provides that all successions shall be opened and settled in the parish court; and, also, that no judicial powers shall be exercised by the clerks of courts. The court also admitted the will of eighteenth of July, 1868, to probate, registry and execution, and appointed Joseph S. Goode dative executor. The evidence in the record sustains the conclusion of the judge in admitting the will to probate, registry and execution. It also sustains the appointment of Joseph S. Goode, dative executor of the will of the eighteenth of July, 1868, he being the only applicant to be appointed dative executor of that will. That the proceedings before the clerk of the district court, on the twenty-fourth of August, 1868, were mere nullities there can be no doubt, the same being in contravention of articles 87 and 133 of the constitution of 1868.

It is therefore ordered that the judgment appealed from be affirmed, and that appellant pay costs of appeal.